[Cite as *Schaffer v. Covington Exempted Village School Dist. Bd. of Edn.*, 2022-Ohio-1189.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| SHON SCHAFFER | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2021-CV-70 |
| | : | |
| COVINGTON EXEMPTED VILLAGE | : | (Civil Appeal from |
| SCHOOL DISTRICT BOARD OF | : | Common Pleas Court) |
| EDUCATION | : | |
| | : | |
| Defendant-Appellant | | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 8th day of April, 2022.

. . . . . . . . . . .

JEFFREY M. SILVERSTEIN, Atty. Reg. No. 0016948 & SERAH E. SIEMANN, Atty. Reg. No. 0088687, 130 West Second Street, Suite 460, Dayton, Ohio 45402
      Attorneys for Plaintiff-Appellee

JESSICA K. PHILEMOND, Atty. Reg. No. 0076761, ELIZABETH A. BRAVERMAN, Atty. Reg. No. 0088454, 250 East Broad Street, Suite 900, Columbus, Ohio 43215 & BRYAN A. NIEMEYER, Atty. Reg. No. 0068255, 100 South Main Avenue, Suite 300, Courtview Center, Sidney, Ohio 45365
      Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Covington Exempted Village School District Board of Education ("the Board") appeals from the trial court's judgment disaffirming the Board's decision to terminate the employment of Plaintiff-Appellee Shon Schaffer.

### I. Facts and Course of Proceedings

{¶ 2} Schaffer had been employed by the Covington Exempted Village School District as a bus driver for over 15 years. During this time, Schaffer had a good employment record and his job opportunities at the school district were expanding. But this changed abruptly. On January 10, 2021, Schaffer's grandson was bitten by a dog owned by Schaffer's daughter. Schaffer took possession of the dog. On January 11, 2021, Schaffer was informed by a sheriff's deputy that the dog had to be quarantined for 10 days according to health department regulations. Schaffer ignored this direction and euthanized the dog on January 19, 2021. Schaffer then told a sheriff's deputy that he had disposed of the dog's remains in a dumpster at the local high school. However, Schaffer had actually disposed of the remains in his own garbage.

{¶ 3} On the afternoon of January 21, 2021, Schaffer voluntarily met with the School District's Superintendent, Gene Gooding, about the dog incident. According to Gooding's notes from the meeting, Schaffer admitted to killing the dog on day eight of quarantine and then lying to the sheriff's deputy about knowing when the quarantine expired "because he was scared and did not want to get in trouble." *Id.* Schaffer also admitted to lying to the sheriff's deputy about where he had disposed of the remains of the dog, because he thought that disposing of the remains in his own garbage was illegal

and he was "trying to prevent himself from getting into trouble." *Id.* Later that day, Gooding alerted Schaffer that he would be contacting the authorities to tell them what Schaffer had admitted to him.

{¶ 4} On January 25, 2021, Gooding placed Schaffer on administrative leave and gave him a letter that stated, in part:

Please meet with me on January 28 at 3:30 in my office. At that time, we will discuss the following:

Mr. Schaffer is currently under investigation for criminal activity related to the manner in which he euthanized and ultimately disposed of a dog prior to the period of time that he was authorized by authorities to do so. Mr. Schaffer admitted to me on January 21, 2021, that he had lied to the Sheriff's deputy about not knowing that the ten-day waiting period, which was required prior to euthanizing the dog, had not expired. He also advised me that he had lied to the Sheriff's deputy about how he disposed of the dog's carcass. He had advised the Sheriff's deputy that he had disposed of the carcass by placing it in a dumpster located at Bradford Schools. However, Mr. Schaffer advised me that he actually disposed of the carcass in his own trash receptacle. [Covington Exempted Village School District] has reason to believe that Mr. Schaffer will likely face criminal charges as a result of his conduct. Mr. Schaffer's conduct could constitute grounds for termination. These issues will be discussed during the disciplinary hearing on Thursday, January 28, 2021, during which Mr. Schaffer will be given an opportunity to address his conduct and present any other evidence or written explanation if he so

chooses. Mr. Schaeffer has the right to union representation at the disciplinary hearing.

{¶ 5} The disciplinary hearing referenced in the letter was rescheduled to January 27th at Schaffer's request. There is no transcript from the disciplinary hearing in the record before us. Rather, the record contains some typewritten and handwritten notes from Gooding and a staff member. According to these notes, Schaffer began the hearing by backpedaling on whether he had lied to or even spoken to a sheriff's deputy about the killing and disposing of the dog. But he then conceded again that he had lied to the sheriff's deputy. According to Gooding, on the advice of counsel, Schaffer did not plan to call the sheriff's deputy and explain what really happened. Schaffer gave an undated letter to Gooding and the Board apologizing for his conduct and offering to be put on unpaid leave and take as many ethics courses as the Board saw fit.

{¶ 6} The Board met on February 17, 2021, and voted unanimously to terminate Schaffer's contract. On February 18, 2021, Gooding sent a letter by certified mail to Schaffer's home address. The letter stated that the Board had terminated Schaffer's bus driver contract and that "[t]he Board's decision was based on your dishonesty and immoral conduct, as summarized in the Notice of Disciplinary Hearing that was provided to you on January 25, 2021." The USPS tracking computer printout associated with the certified mail indicated that the letter was delivered to an individual at Schaffer's address at 4:09 P.M. on February 20, 2021. But no signature was provided on the green card returned by the postal employee charged with delivering the certified mail. According to Schaffer, no postal employee delivered any certified mail to him on Saturday, February

20th, and he did not locate the certified mail in his mailbox until Monday, February 22nd. Memo in Opp. to Motion for Judgment on Pleadings (Apr. 28, 2021).

{¶ 7} On March 3, 2021, Schaffer appealed the Board's termination of his contract to the court of common pleas. On April 12, 2021, the Board filed a motion for judgment on the pleadings, contending that the common pleas court lacked jurisdiction over the appeal because Shaffer failed to timely file his appeal within ten days of receiving the certified mail from the Board, as required by R.C. 3319.081(C). On June 10, 2021, the trial court overruled the Board's motion for judgment on the pleadings, finding that Schaffer did not receive the Board's decision until he found it in his mailbox on February 22, 2021, which was less than ten days before he filed his appeal on March 3, 2021.

{¶ 8} On August 31, 2021, based on its review of the evidence of record and arguments of the parties, the trial court found that the Board's January 25, 2021 notice of pre-termination hearing "did not apprise [Schaffer] of all of the R.C. 3319.081 charges against him" and therefore violated his due process rights and was unconstitutional. Consequently, the court disaffirmed the Board's decision of termination. The Board appeals from the trial court's decision.

**II. Schaffer Timely Filed His Appeal Within Ten Days of Receiving The Board's Decision Via Certified Mail**

{¶ 9} The Board's first assignment of error states:

THIS UNTIMELY TERMINATION APPEAL MUST BE DISMISSED BECAUSE IT WAS NOT FILED WITHIN 10 DAYS OF APPELLEE'S

RECEIPT OF THE TERMINATION NOTICE BY CERTIFIED MAIL.

{¶ 10} The parties agree that R.C. 3319.081(C) sets forth the ten-day period in which Schaffer must have filed his appeal from the Board's termination decision. R.C. 3319.081(C) provides, in relevant part: "The action of the board of education terminating the contract of an employee or suspending or demoting the employee <u>shall be served upon the employee by certified mail. Within ten days following the receipt of such notice</u> by the employee, the employee may file an appeal, in writing, with the court of common pleas of the county in which such school board is situated." (Emphasis added.)

{¶ 11} Notably, R.C. 3319.081(C) requires the notice to be served by certified mail and, once the notice is received by the employee, the ten-day time period for filing an appeal begins to run. The Board contends that the trial court lacked jurisdiction over Schaffer's appeal, because Schaffer received the notice from the Board on February 20, 2021, and did not file his appeal until March 3, 2021, eleven days after receipt of the notice. The Board based its time calculation on a United States Postal Service (USPS) computer printout that stated an individual at Schaffer's address had signed for the certified mail on February 20, 2021.

{¶ 12} Schaffer responds that the trial court correctly found that he did not receive the certified mail until he found it in his mailbox on February 22nd, which would mean his appeal was filed timely nine days after receipt of the Board's notice. The record contains an affidavit of Schaffer stating that he did not receive the certified mail until he found the letter in his mailbox on Monday, February 22, 2021. Memo in Opp. to Motion for Judgment on Pleadings (Apr. 28, 2021).According to Schaffer, on Saturday, February 20,

2021, no postal worker came to his residence and no individual at the residence was given any certified mail or signed any certified receipt green card.

{¶ 13} The trial court resolved this factual issue in favor of Schaffer. The court explained: "The instant record supports [Schaffer's] affidavit that he was not served with the Notice until he found it in this mailbox on February 22. The USPS documents do not evince service; rather, the USPS' conclusion in its printout that 'an individual' was served is not supported by the Green Card, which bears no individual's signature." Motion for Judgment on the Pleadings, p. 9.

{¶ 14} The Board contends that the trial court improperly "expand[ed] the statute of limitations" and the ten-day statutory period in R.C. 3319.081(C) through its use of the Rules of Civil Procedure relating to service. We do not agree. R.C. 3319.081(C) plainly states that the Board's termination decision "shall be served upon the employee by certified mail" and that the employee must file his appeal within ten days following the "receipt" of such notice. The Board's evidence that Schaffer received the Board's decision by certified mail on February 20th rested on the presumption that the certified mail was received by Schaffer or a representative of Schaffer at Schaffer's house on that day. But Schaffer responded with an affidavit stating that neither he nor his representative received the certified mail on February 20th. And the green card returned by the postal employee in charge of delivering the certified mail did not contain any signature identifying a person who signed for the certified mail. The statute is clear that the ten-day period for filing an appeal does not begin to run until the certified mail is received. Schaffer received the certified mail on Monday, February 22nd, when he found

the certified mail in his mailbox.

{¶ 15} Finally, the Board contends that the trial court should have found the appeal untimely based on the Board's evidence that Schaffer received a hand-delivered copy of the termination letter through a union representative more than ten days before he filed his appeal in the court of common pleas. The trial court rejected this argument due to the fact that this argument and evidence was raised for the first time in a reply brief. Moreover, hand delivery is not the method of service specifically mandated by R.C. 3319.081(C), which requires service by certified mail.

{¶ 16} Schaffer timely filed his appeal within the ten-day period provided by R.C. 3319.081(C). The first assignment of error is overruled.

## III. The Trial Court Erred In Finding The Board's Decision Was Unconstitutional

{¶ 17} The Board's second assignment of error states:

THE BOARD PROVIDED APPELLEE SUFFICIENT PROCEDURAL DUE PROCESS BEFORE TERMINATING HIS EMPLOYMENT BY PROVIDING APPELLEE ORAL AND WRITTEN NOTICE OF THE CHARGES AGAINST HIM IN BOTH THE PRE-TERMINATION NOTICE AND IN THE PRE-TERMINATION HEARING.

{¶ 18} The parties agree that Schaffer's termination is governed by R.C. 3319.081(C), which provides, in part: "contracts may be terminated only for violation of written rules and regulations as set forth by the board of education or for incompetency,

inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance."

{¶ 19} Ultimately, the Board cited dishonesty and immoral conduct from the list of acceptable reasons for termination in R.C. 3319.081(C). The trial court found that the Board's decision was unconstitutional, because the Board failed to provide Schaffer with due process prior to terminating his employment. In particular, the trial court found that the Board failed to provide adequate notice of the charges against Schaffer. The Board contends that the trial court erred in finding the Board's decision unconstitutional. According to the Board, Schaffer was provided sufficient procedural due process before his employment was terminated when the Board provided him with oral and written notice of the charges against him in both the pre-termination notice and in the pre-termination hearing.

{¶ 20} It is well-established that Schaffer was "entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." (Citation omitted.) *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 546, 105 S. Ct. 1487, 84 L.Ed.2d 494 (1984). It is undisputed that Schaffer was provided with notice of the Board's evidence and an opportunity to present his side of the story. The parties dispute whether Schaffer received oral or written notice of the charges against him.

{¶ 21} The trial court agreed with Schaffer, stating that the January 25, 2021 notice of the pre-termination hearing "failed to include all of the charges against [Schaffer.]"

Decision and Judgment Entry (Aug. 31, 2021), p. 11. According to the trial court, "[e]ven if the listing of the Director's evidence in the January 25 notice may have apprised [Schaffer] that he would be responding to a dishonesty charge, the Court concludes that it would not be reasonable for [Schaffer] to conclude he was being charged with 'immoral conduct.' " *Id.* at 10-11. We do not agree.

{¶ 22} The January 25, 2021 pre-termination notice was clear that Schaffer's potentially criminal actions involving the killing of a dog, the disposal of the dog's carcass, and the subsequent attempt to cover up those actions through lying were the bases for considering termination of Schaffer's employment. The Board's identification of this particular conduct was sufficient to alert Schaffer of the charges against him and allow him to adequately prepare for the pre-termination hearing. While including the words "dishonesty" and "immoral conduct" in the January 25, 2021 notice would have more cleanly tracked the language in R.C. 3319.081(C), there is no due process requirement to include these exact words.

{¶ 23} The Board satisfied the due process standards enunciated in *Loudermill.* Therefore, the trial court erred in finding that the Board's decision was unconstitutional. The second assignment of error is sustained.

**IV. The Cause Must Be Remanded to Allow The Trial Court To Complete Its Review of The Board's Decision Under R.C. 2506.04.**

{¶ 24} The Board's third assignment of error states:

THE BOARD'S TERMINATION OF APPELLEE'S EMPLOYMENT WAS

SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.

**{¶ 25}** When resolving an appeal from a Board of Education's decision under R.C. 3319.081(C), the trial court, after considering the whole record, may determine that the Board's "order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence * * * ."   R.C. 2506.04.   Due to the trial court's finding that the Board's decision was unconstitutional, the trial court did not address whether the Board's decision was illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence.   Therefore, on remand, the trial court will have the opportunity, in the first instance, to review the whole record and make a finding on whether the Board's decision was illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.   R.C. 2506.04.   Based on its finding, the trial court will determine whether to affirm, disaffirm, or modify the Board's decision.

**{¶ 26}** The third assignment of error is overruled.

## V. Conclusion

**{¶ 27}** Having sustained the Board's second assignment of error, the decision of the trial court is reversed, and the cause will be remanded for the trial court to make a determination whether the Board's decision to termination Schaffer's employment was illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of

substantial, reliable, and probative evidence.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Jeffrey M. Silverstein
Serah E. Siemann
Jessica K. Philemond
Elizabeth A. Braverman
Bryan A. Niemeyer
Hon. Stacy M. Wall